Commonwealth *v.* Page's Assignee and Bank of Kentucky.

**Officers—Auditor of Public Accounts—Defalcation—Settlement by Sureties —Right to Money on Deposit.**

   Upon the discovery of the auditor's defalcation the state might have asserted claim to the balance remaining in the bank to his credit, but the state waived this right and proceeded against his sureties.

   **Held,** that it was manifestly wrong, after the sureties of the auditor had been compelled to account for all the money unlawfully appropriated by him, for the state then to compel the surrender of this money.

**Banks and Banking—Note—Surety—Deposit Appropriated to Note— Statute of Limitations.**

   The bank did not within seven years after the cause of action accrued on the note of Moorehead, on which Page was surety, appropriate this balance to the payment of the note. The plea of the statute of limitations was a bar.

October 25, 1871.

APPEAL FROM FRANKLIN CIRCUIT COURT.

OPINION BY JUDGE LINDSAY:

Page was not the legal custodian of the public moneys of the State of Kentucky. The funds received by him from the collecting officers of the State and deposited in the bank of Kentucky to his credit as auditor he neither received nor held in pursuance to law. Upon the discovery of his defalcations the State might have asserted claim to the balance remaining in the bank to his credit, not because it was deposited to his credit as auditor, but because such balance was the remainder of funds unlawfully received and appropriated by him. It was, however, within the power of the State to waive this right, and proceed directly against his official sureties. This remedy it elected to pursue, and treated the money in the bank as having been converted by Page to his own use.

It would be manifestly wrong after the sureties of Page had been compelled to account for all monies unlawfully received and appropriated by him, for the State then to compel the surrender of such monies, as is being attempted in this case.

The bank did not within the seven years after the cause of

action accrued on the note of Moorehead, on which Page was surety, appropriate this balance to the payment of that note.

The plea of the statute of limitations was, therefore, a bar to the claim asserted in its cross-petition in this action.

Page's assignee was entitled to recover the amount in controversy and the judgment in his favor must be affirmed.

Chief justice did not sit in this case.

*Rodman,* for appellant.

*Lindsay, James,* for appellee.